UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roy Thomas Latimer, Jr., | * | Case No. 11-00223-BGC-7 |
| | * | |
| Debtor. | * | |

| | | |
|---|---|---|
| Second Avenue Holdings, LLC, | * | |
| As assignee of Superior Bank, N.A., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adv. Proc. No. 11-00432.65 |
| | * | |
| Roy Thomas Latimer, Jr., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MOTION TO COMPEL ARBITRATION
AND STAY ADVERSARY PROCEEDING**

**COMES NOW** the Debtor, and Adversary Proceeding Defendant, Roy Thomas Latimer, Jr. ("Latimer"), and pursuant to the Federal Arbitration Act ("FAA") and controlling federal and Alabama law, respectfully moves this Court for the entry of an Order compelling arbitration of all disputes between these parties and all issues presented in this Adversary Proceeding, No. 11-00432.65 (the "AP"), except the issue of whether Latimer is entitled to a discharge and whether any debt owed to the plaintiff, Second Avenue Holdings, LLC ("Second Avenue"), is due to be excepted from discharge, and staying all court proceedings related to this AP pending the completion of arbitration. This Motion is supported by the Memorandum of Law in Support of Motion to Compel Arbitration and Stay Adversary Proceeding, along with exhibits, filed

contemporaneously herewith and incorporated by reference herein, pursuant to Fed. R. Civ. P. 10(c). As grounds for this Motion, Latimer submits the following:

1. The adversary proceeding plaintiff, Second Avenue Holdings, LLC, ("Second Avenue") as assignee of Superior Bank, N.A., has filed a Complaint against Latimer. Second Avenue alleges that Latimer, through a company he manages, Goodall-Brown Associates, L.P. ("Goodall"), fraudulently and willfully misappropriated rents that arose from a Master Lease Agreement between Goodall and its tenants.

2. The Master Lease sets forth a written, pre-dispute binding arbitration agreement (the "Arbitration Agreement"). The Arbitration Agreement is exceptionally broad, and requires arbitration of all disputes "of any nature whatsoever" related to the Master Lease:

> 13.1.2. <u>Dispute Resolution</u>. The parties recognize that disputes may arise in the future concerning this Lease (a "Dispute"). Therefore the parties shall resolve any and all such Disputes of any nature whatsoever in the following manner:
>
> \* \* \*
>
> 13.1.2.2    <u>Arbitration</u>. Any Dispute, which remains unresolved at the end of such thirty (30) day period, shall be submitted to binding arbitration in accordance with Chapter 1, Title 9 of the United States Code (Federal Arbitration Act). Arbitration shall be administered by the American Arbitration Association (AAA) in accordance with its Commercial Arbitration Rules as supplemented by its Supplementary Procedures for Complex Cases.

3. The Arbitration Agreement is enforceable under the FAA because the underlying transaction involves and affects interstate commerce and the lending activities are subject to federal control. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003).

4. Second Avenue is subject to the Arbitration Agreement because it alleges that it purchased loan documents evidencing and securitizing a debt between Goodall and its former lender, Superior Bank. (Doc. 127) Importantly, the loan documents specifically incorporate the

2

terms of the Master Lease into the collective agreements between the parties. Second Avenue, as *successor to* and *assignee of* Superior Bank, therefore, is subject to the terms of the Master Lease, including the Arbitration Agreement set forth therein. *Ex parte Dan Tucker Auto Sales, Inc.,* 718 So. 2d 33, 36 (Ala. 1998) (other writings which are referred to in a written contract may be regarded as incorporated by the reference as a part of the contract, and therefore, may properly be considered in the construction of the contract) (citing 17A Am. Jur. 2d *Contracts* § 400 (1991)); *Cavalier Mfg., Inc. v. Clarke,* 862 So. 2d 634, 640 (Ala. 2003) (a contract may incorporate the terms of another document by reference); *Advance Tank & Const. Co., Inc. v. Gulf Coast Asphalt Co., L.L.C.*, 968 So. 2d 520, 524 (Ala. 2006) (holding that arbitration agreement is part of another agreement which incorporates by reference a document containing the arbitration agreement); *Nissan Motor Acceptance Corp. v. Ross,* 703 So. 2d 324, 326 (Ala. 1997) (holding that "[a] valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses").

5. In Alabama, a party, such as Second Avenue, that claims the benefits of a contract may not repudiate other provisions of that same contract. *Ex parte Stamey,* 776 So. 2d 85, 92 (Ala. 2000) (party cannot both claim the benefit of the contract and avoid the arbitration provision contained within that contract); *Ex parte Dyess,* 709 So. 2d 447, 451 (Ala. 1997) (same). Accordingly, because Second Avenue is proceeding against Goodall pursuant to its rights under the Master Lease, it may not attempt to simultaneously avoid the Arbitration Agreement set forth therein.

6. Latimer also is subject to the Master Lease and may claim the benefit of the Arbitration Agreement set forth therein. Latimer signed the Master Lease on behalf of Goodall, and Second Avenue has advanced claims of conspiracy and agency, among other claims, which

3

trigger Latimer's right to urge application of the Arbitration Agreement in this setting. *Modern Woodmen of Am. v. McElroy*, 815 So. 2d 520, 527 (Ala. 2001); *Ex parte Lovejoy,* 790 So. 2d 933, 937 (Ala. 2000); *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999); *Staples v. Money Tree, Inc*., 936 F. Supp. 856, 860 (M.D. Ala. 1996). In short, because this AP involves a dispute concerning the Master Lease, the parties are subject to the Arbitration Agreement within the Master Lease, and there are issues that need to be decided in the arbitration proceeding before this Court addresses the dischargeability issues raised in this AP.

7. There is an ongoing arbitration before the American Arbitration Association involving the Master Lease where Second Avenue and Goodall (among others) are advancing various claims and counterclaims concerning the Master Lease and rents, AAA Case No. 30 115 00446 11, *Goodall-Brown Associates, L.P., Claimant / Sloss Real Estate Group, Inc.; Sloss Goodall-Brown, LLC; Cadence BanCorp (formerly Superior Bank, N.A.); and Second Avenue Holdings, LLC, Respondents*. Because the claims advanced in this AP are directly related to, and derivative of, claims in the ongoing arbitration involving the same Master Lease, this Court should compel arbitration and stay this AP.

8. Finally, even though the claims advanced by Second Avenue involve core proceedings, this Court should nevertheless enforce the Arbitration Agreement, as there is no basis to deny arbitration in this setting. *In re Electric Machinery Enter.s, Inc. v. The Whiting-Turner Contracting Co. et al*., 479 F.3d 791 (11th Cir. 2007) (holding that a bankruptcy court should enforce an arbitration agreement related to a core proceeding unless the enforcement of the agreement would inherently conflict with the underlying purposes of the Bankruptcy Code); *see also In re Hermoyian,* 435 B.R. 456, 465 (Bankr. E.D. Mich. 2010)(allowing arbitration to proceed in matter involving an objection to discharge).

4

WHEREFORE, PREMISES CONSIDERED, Roy Thomas Latimer, Jr., respectfully urges this Court to compel arbitration of all claims alleged in this AP pursuant to 9 U.S.C. § 4, and to stay this AP pursuant to 9 U.S.C. § 3.

/s/ Brenton K. Morris
Brenton K. Morris (ABS8119-R46B)
Co-Counsel for Debtor, Roy Thomas Latimer, Jr.

OF COUNSEL:

BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 278-8000
Facsimile: (205) 278-8008
E-mail: bmorris@bcattys.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been electronically filed with the Court and served upon the below-listed persons/entities by electronic notice generated via the Court's ECF system, and/or by depositing a copy of same in the United States mail, properly addressed, first-class postage prepaid, on this 3rd day of April, 2012.

James G. Henderson, Trustee
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Jay H. Clark
Wallace Jordon, Ratliff & Brandt, LLC
P.O. Box 530910
Birmingham, Alabama 35253

Frederick Garfield
1330 21st Way S., Ste. G-10
Birmingham, Alabama 35205

Paul Greenwood
Balch & Bingham
Post Office Box 306
Birmingham, Alabama 35203

Daniel D. Sparks
Bradley R. Hightower
Christian & Small, LLP
1800 Financial Center
Birmingham, Alabama 35203

                                          /s/ Brenton K. Morris
                                          Of Counsel